IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


**RANSOM PARRIS,**

   **Plaintiff,**

**v.**                                      **CIVIL ACTION NO. 1:08CV86**
                                            **(Judge Keeley)**

**KATHY PRATT, DON SPRINGSTON,
KAREN STEWART, WILLIAM HALE,
and SHEILA RAMSEY,**

   **Defendants.**


### ORDER ADOPTING REPORT AND RECOMMENDATIONS

  On March 5, 2008, the pro se plaintiff, Ransom Parris ("Parris"), filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Parris, an inmate at the St. Mary's Correctional Center ("St. Mary's"), alleges that staff at St. Mary's wrongfully retaliated against him for exercising his constitutional right to free speech. Specifically, Parris contends that, after he wrote a letter to the editor of a state newspaper protesting certain rule changes proposed by the West Virginia Department of Corrections ("DOC"), staff in the St. Mary's mail room intercepted that letter, refused to mail it, after which he was charged with disciplinary violations.

  The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with 28 U.S.C. § 1915A and Local Rule of Prisoner Litigation 83.02. On April 1, 2008, Parris filed an

amended complaint. Then, on May 29, 2008, he filed a motion to amend his complaint a second time.

On September 18, 2008, after completing his initial review, Magistrate Judge Kaull issued a Report and Recommendation ("R&R"), recommending that Parris's complaint be dismissed for failure to exhaust his administrative remedies, that his motion to amend be denied as moot, and that the case be dismissed without prejudice. On September 30, 2008, Parris timely filed objections to the R&R, and thus the Court now reviews the contested issues de novo.

### I. ANALYSIS OF THE R&R AND OBJECTIONS

In the R&R, Magistrate Judge Kaull recognized that, under the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(a), a prisoner bringing an action pursuant to 42 U.S.C. § 1983, or other federal law, must first exhaust all available administrative remedies. This exhaustion requirement is a mandatory prerequisite to suit, and all remedies must be exhausted prior to filing a complaint in federal court. See Booth v. Churner, 532 U.S. 731, 741 (2001). Moreover, a court may summarily dismiss a complaint in which it is clear that the plaintiff has failed to exhaust his administrative remedies. Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 682 (4th Cir. 2005).

Magistrate Judge Kaull then concluded that, based on the representations made in his Amended Complaint, Parris had failed to

exhaust his administrative remedies before filing this suit, and thus summary dismissal was appropriate. Specifically, in the Amended Complaint, Parris admits that he has not initiated any grievance procedure with regard to his first amendment claims, and, although he did initiate the first level of the grievance procedure with regard to his disciplinary action, he did not follow through with the additional levels that are required.

Finally, Magistrate Judge Kaull recognized that exhaustion requirements may be excused in certain limited circumstances, but found that Parris had failed to assert any accepted reason to waive those requirements in this case.

Although Parris filed a timely objection to the R&R, that objection fails to allege any legal basis on which to challenge the findings in the R&R. Instead, Parris states that it is unfair that the DOC is permitted to violate the law and is not held accountable for it.

## II. CONCLUSION

Because the Magistrate Judge correctly stated the law, and because Parris failed to raise a legal objection to it, the Court **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 22), **DENIES AS MOOT** Parris's motion to amend his complaint (dkt. no. 21), **DISMISSES** this case **WITHOUT PREJUDICE** and **ORDERS** it stricken from the Court's docket.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

It is so **ORDERED**.

The Clerk is directed to mail a copy of this Order to the *pro se* plaintiff, certified mail, return receipt requested.

DATED:   February 5, 2009.

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE